UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CRAIG JOSEPH AUCOIN** | **CIVIL ACTION NO. 21-3686** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **MADISON CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Plaintiff Craig Joseph Aucoin, a prisoner at Madison Parish Correctional Center ("MPCC") proceeding pro se and in forma pauperis, filed this proceeding on approximately October 18, 2021, under 42 U.S.C. § 1983.[1]  For reasons below, the Court will sever this proceeding into two proceedings and transfer the new, severed proceeding to the Alexandria Division of the Western District of Louisiana.

## Background

Plaintiff alleges that he injured his head, back, neck, shoulders, and left hip following a fall in 2017 at the Terrebonne Parish Criminal Justice Complex.  [doc. # 14, p. 1].  On April 16, 2021, he was transferred to Catahoula Correctional Center ("CCC") in Catahoula Parish, Louisiana.  *Id.* at 2.  He claims that officials at CCC retaliated against him because he filed grievances, placing him in lockdown for ten days.  *Id.*  He claims that various officials at CCC deprived him of medications, a timely medical evaluation, a walker, workout bands, a shower chair, medical appointments, medical treatment, and potable water.  *Id.* at 2-4, 13.  He claims that the warden of CCC failed to respond to his letter.  *Id.* at 4.  He also claims that officials

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

transferred him to a facility that was not equipped to house him, failed to forward his "full medical file[,]" and refused to transfer him to a "DOC" facility. *Id.* at 13.

On June 22, 2021, Plaintiff was transferred to MPCC in Madison Parish, Louisiana. *Id.* at 5. He claims that various officials at MPCC deprived him of a walker, a shower chair, medications, medical appointments, and medical treatment. *Id.* at 5-11. He also claims that officials failed to answer or properly respond to his grievances. *Id.* at 12.

Plaintiff claims that the Secretary of the Louisiana Department of Public Safety and Corrections, James LeBlanc, and others working under LeBlanc failed to respond his November 9, 2021 emergency ARP, failed to respond to his request for a transfer, and failed to schedule medical appointments. *Id.* at 10, 14.

Plaintiff asks the Court to order his transfer to a DOC facility, to prevent his transfer "to anywhere but a DOC facility[,]" to order defendants to provide medical care, to grant medical parole, and to order defendants to implement "policies to prevent these violations in the future." *Id.* at 14. He also seeks compensatory and punitive damages. *Id.*

## Severance

Under Federal Rule of Civil Procedure 20(a)(2), "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[.]" "Unrelated claims against different defendants belong in different suits, not only to prevent [a] morass . . . but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. District courts have "discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995).[2]

Here, Plaintiff asserts claims against defendants that do not arise out of the same transaction, occurrence, or series of transactions or occurrences. The claims against the defendants connected to his experience at CCC are temporally, geographically, and substantively distinct from the claims he raises against the defendants connected to his time at MPCC. Plaintiff may not, therefore, join all defendants in one action. The Court will sever this proceeding into two separate proceedings.[3]

## Divisional Transfer

Under 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

"Decisions to effect 1404 transfers are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Here, Plaintiff seeks relief from the following defendants for alleged actions or omissions during his time at CCC: CCC, the warden of CCC, Major Lea, Captain Mitchell, "Jane Doe 1

---

[2] "The federal courts are vested with the inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (internal quotation marks and quoted source omitted).

[3] "When a claim is severed, it becomes an entirely new and independent case." *Velazquez v. De La Rose Martinez*, 2021 WL 6140246, at *2 (5th Cir. Dec. 29, 2021).

CCC," "Jane Doe 2 CCC," "Jane Doe 3 CCC," a nurse practitioner at CCC, a medical director at CCC, and "Medical Company CCC." [doc. # 1, p. 6]. The claims against these defendants arose in Catahoula Parish, Louisiana, which is in the Alexandria Division of the Western District of Louisiana. Moreover, Plaintiff seeks injunctive relief against these defendants which will, if he prevails, be performed in Catahoula Parish, Louisiana. The interest of justice, the location of the evidence, and the convenience of the parties and witnesses dictate that the new, severed proceeding against these defendants should be transferred to the Alexandria Division, where the claims arose, where the defendants are allegedly employed, and where certain injunctive relief may be performed.[4]

## Conclusion

Accordingly, **IT IS ORDERED** that this proceeding is **SEVERED** into two separate proceedings. The Clerk of Court shall open a new proceeding against the following defendants: CCC, the warden of CCC, Major Lea, Captain Mitchell, "Jane Doe 1 CCC," "Jane Doe 2 CCC," "Jane Doe 3 CCC," a nurse practitioner at CCC, a medical director at CCC, and "Medical Company CCC." The Clerk of Court shall terminate the aforementioned defendants from the instant proceeding. In the new, severed proceeding, Plaintiff must either pay the filing fee or file an application to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that, under 28 U.S.C. § 1404(a), the new, severed proceeding is **TRANSFERRED** to the United States District Court, Western District of Louisiana, Alexandria Division.

In Chambers, Monroe, Louisiana, this 24th day of January, 2022.

---

[4] *See Gonzalez v. Taylor*, 695 F. App'x 731, 732 (5th Cir. 2017) ("The district court did not abuse its discretion in transferring Gonzalez's claims against Officer Taylor to the Corpus Christi Division because the incident occurred there, and Officer Taylor was in that district.").

4

_____
Kayla Dye McClusky
United States Magistrate Judge