UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**CRAIG JOSEPH AUCOIN**           **CIVIL ACTION NO. 21-3686**

                                                                       **SECTION P**

**VS.**

                             **JUDGE TERRY A. DOUGHTY**

**MADISON CORRECTIONAL CENTER,**      **MAG. JUDGE KAYLA D. MCCLUSKY**
**ET AL.**

### REPORT AND RECOMMENDATION

Plaintiff Craig Joseph Aucoin, a prisoner at Lafourche Parish Correctional Complex proceeding pro se and in forma pauperis, filed this proceeding on approximately October 18, 2021, under 42 U.S.C. § 1983.[1] For reasons below, the Court should dismiss Plaintiff's claims against Correct Care Solutions.

### Background

On April 27, 2023, the Court directed the United States Marshals Service to serve Correct Care Solutions. [doc. # 89, p. 3]. On June 22, 2023, a U.S. marshal unsuccessfully attempted to serve Correct Care Solutions at Madison Parish Correctional Center, which was the service location Plaintiff provided. [doc. # 98, p. 2]. According to the marshal, the warden at Madison Parish Correctional Center advised that Correct Care Solutions "does not exist for Madison Parish CC." *Id.* The marshal remarked, "unable to deliver." *Id.* Thus, the marshal was unable to serve the defendant.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

## Law and Analysis

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987). "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). If, however, the plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996).

Under FED. R. CIV. P. 4(c)(3), "The court must so order [that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." Here, Plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915; thus, the Court ordered the U.S. marshal to serve Correct Care Solutions.

Plaintiff is "dependent upon the Marshal's Service to effectively serve" the defendant. *See Rochon v. Dawson*, 828 F.2d 1107, 1109 (5th Cir. 1987). "[A] plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Id.* at 1110. But if the marshal's failure to serve is due to "dilatoriness or fault" of the plaintiff, a court may dismiss the action for failure to serve. *Id.*

2

Further, "While . . . incarcerated plaintiffs proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.* "A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

Here, the marshal exercised due diligence but was unable to serve the defendant at the address/location Plaintiff provided.

On September 18, 2023, the Court informed Plaintiff thusly: "The undersigned highlights that the United States Marshals Service does not act as a private investigator service in this context. Even though Plaintiff is incarcerated, he is still responsible for identifying defendants and providing addresses at which defendants may be served." [doc. # 114, p. 1]. Then, to facilitate service, the Court ordered Plaintiff to within 30 days provide an address or location at which Correct Care Solutions may be served. *Id.* at 2. Alternatively, the Court advised that Plaintiff could voluntarily dismiss his claims against this defendant or amend his pleading for the limited purpose of amending the defendant's name if he so chose. *Id.* The undersigned cautioned that if the United States Marshals Service was unable to serve Correct Care Solutions using the information Plaintiff provided, the Court, in the absence of good cause shown, intended to dismiss Plaintiff's claims against the defendant. *Id.*

To date, Plaintiff has not provided an address or location at which Correct Care Solutions may be served, sought an extension of time in which to find an address or location, voluntarily

dismissed his claims against the defendnat, or amended his pleading to correctly identify the defendant for service purposes.

Plaintiff does not demonstrate good cause for the failure to serve. He has made no attempt to remedy the lack of service. Neither Plaintiff's pro se status nor any ignorance of the Federal Rules of Civil Procedure provide grounds for excusable neglect.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Craig Joseph Aucoin's claims against Correct Care Solutions be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m).

**By this Report and Recommendation, the Court notifies Plaintiff that his claims are subject to dismissal because Defendant Correct Care Solutions has not been served. Plaintiff may raise any arguments or present any evidence with respect to a showing of good cause for the lack of service during the fourteen-day objection period described below.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

4

**legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

***Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 14th day of November, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge